# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

GAYLA A. HICKMAN,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 11-CV-579-FHM

## OPINION AND ORDER

Plaintiff, Gayla A. Hickman, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's January 12, 2009, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John Volz was held August 3, 2010. By decision dated August 27, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 25, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 47 years old on the alleged date of onset of disability and 49 on the date of the denial decision under review. She obtained a general equivalence diploma and formerly worked as typist. She claims to have been unable to work since January 1, 2008 as a result of pain and dysfunction related to osteoarthritis, degenerative joint disease, obesity, hypertension, anxiety, and depression.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 C.F.R. § 416.967(a) and is able to perform simple tasks with routine supervision. [R. 15]. Although Plaintiff is unable to return to her past relevant work as a typist, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that the Medical-Vocational Guidelines (grids) should have been applied to find her disabled. She also argues that the ALJ failed to properly consider the medical source opinions, the ALJ propounded an improper hypothetical, and the ALJ's credibility determination is faulty.

**Analysis**

The ALJ's Application of the Grids

The Medical Vocational Guidelines (grids) are tables which may direct a finding of disabled or not disabled based on the Plaintiff's age, residual functional capacity, education, and work experience. The grids have three age categories: under age 50; age 50 to 54; and age 55 or older. To avoid arbitrary results when a claimant's age is approaching an older age category in cases where the difference in age would make a difference in the outcome, the regulations provide as follows:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. §§ 404.1563(b), 416.963(b). In this case the ALJ did not discuss whether Plaintiff's age makes this a borderline situation and if so how the factors in the case support using one category or the other.

There is no merit to Plaintiff's argument that the ALJ was <u>required</u> to use the older age category solely because Plaintiff was within 59 days of the older age category on the

3

date of the decision. *Mariarz v. Sec. Health & Human Servs.*, 837 F.2d 240, 244 (6th Sir. 1987) (date of decision is the appropriate date to use for application of the grids); *Justice v. Astrue*, 576 F.Supp. 2d 195, 203 (D. Mass. 2008) (same).  The regulations and case law make clear that the ALJ must decide which age category to use based on the evidence in the case, not just Plaintiff's age.  "The Commissioner must determine based on whatever evidence is available which of the categories on either side of the borderline best describes claimant, and the Commissioner may apply that category in using the grids."  *Daniels v. Apfel*, 154 F.3d 1129, 1136 (10th Cir. 1998).

There is no merit to the Commissioner's contention that the ALJ "need not explain his or her use of the claimant's chronological age" based upon the *Hearings, Appeals and Litigation Law Manual* (HALLEX).  [Dkt. 16, p. 3].  HALLEX does not have the force of law. *Schweiker v. Hansen*, 450 U.S. 785,789, 101 S.Ct. 1468, 1471, 67 L.Ed.2d 685 (1981) (the 13 volume Claims Manual is a handbook for use by Social Security employees and has no legal force and does not bind the Social Security Administration); *Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000) (HALLEX manual is strictly an internal document).  Further, the claim that the ALJ is not required to discuss his determination about the borderline situation is at odds with the Commissioner's statutory duty.  42 U.S.C. § 405(b) directs the Commissioner of Social Security to:

> make findings of fact, and decisions as to the rights of any individual applying for a payment . . . . <u>Any</u> such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual <u>shall</u> contain a statement of the case, in understandable language, <u>setting forth a discussion of the evidence</u>, and stating the Commissioner's

4

> determination and <u>the reason or reasons upon which it is based</u>. [emphasis supplied].

It is thus the Commissioner's duty to explain his decisions. The Commissioner fails in this duty when he does not provide an explanation for the use of one age category over another in a borderline situation. *See also*, *Daniels*, 154 F.3d at 1136 (like any factual issue, a finding about the appropriate age category in a borderline situation must be supported by substantial evidence). The way the court evaluates whether a finding is supported by substantial evidence is by reviewing the ALJ's discussion of the evidence in relation to the finding.

This case is reversed and remanded with instructions to determine whether this case presents a borderline situation. If it does, the Commissioner shall consider whether to use the older age category after evaluating the overall impact of all the factors in the case and discuss the basis for the determination in the decision.

<u>Consideration of Medical Source Opinions</u>

Claude Denize, a physician's assistant at the Indian Health Care Resource Center of Tulsa signed a Letter of Medical Assessment dated August 2, 2010, wherein he checked that Plaintiff has the following limitations: unable to work until re-evaluated; cannot work walk [sic] two hundred (200) feet without stopping to rest; cannot walk without use of assistance from a wheelchair; cannot walk (for prolonged period of time) due to orthopedic, neurological condition, or other. [R. 344]. The ALJ noted this assessment and stated:

> while Mr. Denize has been the claimant's treating source, a Physician's Assistant is not an "acceptable source" of medical evidence as outlined in 20 C.F.R. § 1513, but is rather an "other source". Although the information he provides may be helpful in learning more about the claimant's condition, I am not required to give significant weight to the opinion.

[R. 17]. Plaintiff argues that the case should be remanded because the ALJ failed to apply the proper factors in assessing Mr. Denize's opinion.

The ALJ was not required to give "controlling weight" to Mr. Denize's opinion such as might be accorded the opinion of a treating physician under 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, according to SSR 06-03p, 2006 WL 2329939, *4-5, the ALJ was required to determine how much weight to give Mr. Denize's opinion based on criteria other than the fact the opinion was issued by one who is not an "acceptable medical source."

SSR 06-03p explains that the term "acceptable medical source" is important because only "acceptable medical sources" can establish the existence of a medically determinable impairment or be considered a treating source whose opinion is entitled to "controlling weight." *Id*. at *2. However, neither the regulations nor SSR 06-03p suggest that opinions from health care providers who are not "acceptable medical sources" may be summarily dismissed. SSR 06-03p states that opinions from medical sources such as physician's assistants who are not deemed "acceptable medical sources" are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other evidence in the file." *Id*. at *3. Further, the SSR acknowledges that in some instances, depending on the particular facts in a case, "an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source[.]'" *Id.* at *5.

The factors for determining the weight of a medical opinion listed in 20 C.F.R. § § 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of medical opinions from "acceptable medical sources," but SSR 06-03p instructs that those factors "represent basic

6

principles that apply to the consideration of all opinions from medical sources who are not 'acceptable medical sources[.]'" *Id.* at *4. The factors include:

- How long the source has known and how frequently the source has seen the individual;
- How consistent the opinion is with other evidence;
- The degree to which the source presents relevant evidence to support an opinion;
- How well the source explains the opinion;
- Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
- Any other factors that tend to support or refute the opinion.

*Id*. at *5-6. The ALJ's decision does not reveal that he undertook any such analysis of Mr. Denize's opinion and the ALJ's statement that he was not required to give significant weight to the opinion indicates that no such analysis was performed.

The ALJ's decision is not completely without comment about the substance of Mr. Denize's opinion. Although the ALJ did not say anything about Plaintiff's course of treatment under Mr. Denize's care, the ALJ stated that Mr. Denize's opinion is "inconsistent with the course of treatment pursued by Mr. Denize." [R. 17]. The ALJ also stated that Mr. Denize's opinion about Plaintiff's inability to walk for prolonged periods of time was consistent with the RFC for sedentary work. These statements indicate the ALJ gave some consideration to Mr. Denize's opinion. Since the case is being remanded on the basis of the ALJ's application of the grids, the ALJ will have the opportunity to more fully explain the basis of his treatment of Mr. Denize's opinion.

Plaintiff's assertions that the opinions of the non-examining, non-treating, reviewing experts of the state agency are inconsistent are not developed by any reference to the record and therefore are not addressed herein. *See generally United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the

7

relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error); *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (courts are not to create or to develop arguments for litigants that litigants do not develop themselves).

## Hypothetical Question

Plaintiff asserts that the ALJ failed to propound a proper hypothetical question to the vocational expert. Plaintiff's argues that the ALJ failed to note that the state agency reviewers found Plaintiff had limitations on her ability to climb ramps, stairs, ladders, ropes, scaffolds, balance, kneel, stoop, crouch and crawl. Plaintiff does not explain how these limitations are important to the outcome of this case where the ALJ found that Plaintiff was limited to sedentary work.

There is no merit to Plaintiff's assertion that the ALJ did not explain how he arrived at the conclusion that Plaintiff had mild restrictions in her activities of daily living. The ALJ listed the evidence he considered in making that finding. [R. 13].

## Credibility Analysis

Plaintiff argues that the ALJ failed to perform a proper credibility determination and that the testimony of Plaintiff's daughter "must be accepted as true." [Dkt. 15, p. 5].

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The ALJ cited numerous grounds, tied to the evidence, for the credibility finding, including:

8

effectiveness of medications in controlling symptoms; infrequency of medical treatment; conservative nature of medical treatment; findings of consultative examiner; and Plaintiff's sporadic work history. [R. 16-18]. The ALJ thus properly linked his credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

The ALJ clearly considered the testimony of Plaintiff's daughter. [R. 16]. The Tenth Circuit has declined to adopt a rule requiring specific written findings as to the testimony of each witness, especially where the written decision reflects that the ALJ considered the testimony. *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996). The court finds no error in the ALJ's treatment of this testimony.

## Conclusion

The Commissioner's denial decision is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED this 5th day of November, 2012.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE